**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**REGINALD BRADWELL,**

**Plaintiff,**

**vs.**

**5:26-CV-1197**
**(MAD/MJK)**

**KATHY HOCHUL,**

**Defendant.**

---

**APPEARANCES:** **OF COUNSEL:**

**REGINALD BRADWELL**
Syracuse, New York
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

*Pro se* Plaintiff Reginald Bradwell filed a complaint on June 9, 2026, against Kathy Hochul as Governor of the State of New York, in her official capacity. *See* Dkt. No. 1. Plaintiff also moved to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 2. On July 28, 2026, Magistrate Judge Mitchell J. Katz granted Plaintiff's IFP motion and issued an Order and Report-Recommendation recommending that Plaintiff's complaint be dismissed with prejudice and without leave to amend. *See* Dkt. No. 7. Plaintiff filed objections on August 11, 2026. *See* Dkt. No. 8.

When a party files specific objections to a magistrate judge's report-recommendation and order, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A proper objection must be timely, specific, and "not raise new arguments not

previously made before the magistrate judge." *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 358 (2d Cir. 2025) (citation omitted). When a party declines to file objections, or "fails to properly object[,]" the district judge reviews the report-recommendation for clear error. *Id.* at 358-59. After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

As part of Plaintiff's objections, he attached a "Proposed First Amended Complaint" to "cure[] any factual or procedural gaps." Dkt. No. 8 at 1. Plaintiff "clarifies" that "[t]his action is brought strictly against State officials acting in their official capacities to challenge administrative rules and statutory frameworks that burden Plaintiff's fundamental constitutional rights." *Id.* at 2. In his proposed amended complaint, Plaintiff names Governor Hochul and Chief Administrative Judge of the New York Unified Court System as Defendants because of the "direct chilling effect on self-represented litigants" of "22 NYCRR Part 161 and related administrative frameworks." *Id.* at 5. Plaintiff alleges a violation of his First and Fourteenth Amendment rights. *See id.* at 5-6.

Plaintiff's allegations and claims are not identical between his complaint and proposed amended complaint, but are grounded in the same assertion—that "the state-mandated restrictions on pro se digital and AI usage" are unconstitutional. Dkt. No. 1 at 9; *see* Dkt. No. 8 at 6-7.

In Magistrate Judge Katz's Order and Report-Recommendation, he recommended dismissal of Plaintiff's complaint because Governor Hochul is immune from suit. *See* Dkt. No. 7 at 8-10. Plaintiff's proposed amended complaint does not cure that deficiency.

As Magistrate Judge Katz explained, "'[i]n our constitutional scheme, a federal court generally may not hear a suit brought by any person against a nonconsenting State.'" *Baroni v. Port Auth. of New York & New Jersey*, 161 F.4th 48, 55 (2d Cir. 2025) (quoting *Allen v. Cooper*, 589 U.S. 248, 254 (2020)); *see also* Dkt. No. 7 at 8. "The Supreme Court has sometimes referred

to the States' immunity from suit as Eleventh Amendment immunity because the Eleventh Amendment makes explicit reference to that immunity." *Baroni*, 161 F.4th at 55 (citation and quotation marks omitted). "The terms of the Eleventh Amendment describe the immunity of a State from suits brought by citizens of other States." *Id.* "'A plaintiff, however, may avoid the Eleventh Amendment bar to suit by suing individual state officers in their official capacities, as opposed to the state, provided that the complaint (a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective.'" *Kellogg v. Nichols*, 703 F. Supp. 3d 367, 373 (N.D.N.Y. 2023), *aff'd*, 149 F.4th 155 (2d Cir. 2025) (quoting *Seneca Nation v. Hochul*, 58 F.4th 664, 670 (2d Cir. 2023)). "'Such suits comport with the Supreme Court's decision in *Ex parte Young*, which carved out an exception to Eleventh Amendment immunity in such a case.'" *Id.* (citation omitted); *see Ex parte Young*, 209 U.S. 123 (1908).

Magistrate Judge Katz concluded that Plaintiff "fails to identify any 'digital filtering restrictions and outright bans on [artificial intelligence] tools by non-attorneys in legal environments' that violate a federal law." Dkt. No. 7 at 10 (quoting Dkt. No. 1 at 6). Therefore, Magistrate Judge Katz determined that Plaintiff did not "not plausibly allege a claim for prospective injunctive relief" and that "the exception to the Eleventh Amendment articulated in *Ex parte Young* [] appl[ies]." *Id.* Plaintiff does not address this in his objections. *See* Dkt. No. 8.

Magistrate Judge Katz's conclusion holds true as to Plaintiff's proposed amended complaint. Plaintiff has not alleged an ongoing violation of federal law. Contrary to Plaintiff's assertions, New York does not place burdens on *pro se* litigants that are not also applied to attorneys nor has he sufficiently alleged an inability to access the courts. The regulation cited by Plaintiff states that "[i]t is the policy of the Unified Court System that the use by attorneys and parties of artificial intelligence tools in preparing papers submitted to a court should not be

prohibited, as long as such use is in accordance with the duties and responsibilities that apply to individuals who submit papers to a court." 22 N.Y. Comp. Codes R. & Regs. § 161.3. "Since those duties and responsibilities already apply to all submissions, regardless of whether AI tools were used, attorneys and parties should not be required, upon submitting papers, to disclose to the court that they have used AI in the preparation of such papers." *Id.* However, "[a] court may, in its discretion, implement a part [sic] rule governing the use by attorneys and parties of artificial intelligence tools in preparing papers submitted to the court." 22 N.Y. Comp. Codes R. & Regs. § 161.4.

The text of these regulations applies to attorneys *and* parties. Plainmtiff has not presented a single law or rule which unconstitutionally discriminates against *pro se* parties. He has also failed to state any facts explaining why he is unable to comply with any artificial intelligence limitations or compliance requirements. Insofar as Plaintiff references "expensive commercial legal database (e.g., Westlaw, LexisNexis)," he does not allege any rule preventing his access to those databases. Therefore, Plaintiff presents no allegations which support a violation of federal law such that Defendant Hochul is immune from suit.

As to Plaintiff's addition of the Chief Administrative Judge as a Defendant in his proposed first amended complaint, Dkt. No. 8 at 5, "[t]he doctrine of absolute judicial immunity . . . shields judges, parties, and witnesses from damages actions for statements made by them in judicial and quasi-judicial proceedings[.]" *Khan v. Yale Univ.*, 27 F.4th 805, 818 (2d Cir. 2022). Additionally, "injunctive relief against [] [j]udges . . . is available against judicial officers only when 'a declaratory decree was violated or declaratory relief was unavailable.'" *Sibley v. Watches*, No. 24-855, 2025 WL 2448202, *2 (2d Cir. Aug. 26, 2025) (summary order) (quoting

42 U.S.C. § 1983). Plaintiff does not allege a violation of a decree or the unavailability of declaratory relief. As such, his claims cannot stand against the Chief Administrative Judge.

Finally, as Magistrate Judge Katz acknowledged, *see* Dkt. No. 7 at 11, "'[a] pro se complaint should not be dismissed without the [c]ourt granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Chowdhury v. New York City Hous. Auth.*, No. 24-3103, 2026 WL 1728277, *2 (2d Cir. June 12, 2026) (summary order) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)) (additional citation and quotation marks omitted). The Court agrees with Magistrate Judge Katz that amendment would be futile because Plaintiff has not presented any facts which suggest an ability to overcome the immunity doctrines nor is there any indication of a valid claim as New York courts do not prohibit the use of artificial intelligence for *pro se* litigants.

After carefully reviewing the Order and Report-Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Katz's Order and Report-Recommendation (Dkt. No. 7) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED with prejudice and without leave to amend**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 5, 2026
Albany, New York

Mae A. D'Agostino
U.S. District Judge